UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MICHAEL CHAD BOLDRY                                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:16CV-P88-JHM

HENDERSON COUNTY DETENTION CENTER *et al.*                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Chad Boldry, a state prisoner incarcerated at the Henderson County Detention Center (HCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Thereafter, he filed a letter (DN 9), which the Court **construes** as an amended complaint. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course . . . ."). Plaintiff then filed a motion for leave to file an amended complaint (DN 10); an amended complaint (DN 11), which the Court **construes** as a motion for leave to file an amended complaint; and a letter (DN 12), which the Court also **construes** as a motion for leave to file an amended complaint. Upon consideration, the Court **GRANTS the motions for leave to file amended complaints** (DNs 10, 11 & 12). *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). **The Clerk of Court is DIRECTED to add Dr. Davis and Nurse Kendra as Defendants to the docket of this action**.

The Court will now perform an initial review of the complaint and amended complaints pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow a portion of the claims to proceed and will dismiss all others.

I.

In the complaint (DN 1), Plaintiff brings suit against HCDC; HCDC Col. Leslie Gibson; and "Medical Staff" at HCDC.  He sues Defendants in their official capacity.  In the second amended complaint (DN 10), Plaintiff names the following as Defendants:  HCDC Col. Gibson; Nurse Kendra, "a Nursing Supervisor for Southern Health Partners (SHP) a private Medical Contractor for [HCDC]"; and SHP physician, Dr. Davis.  He sues each Defendant in their individual and official capacities.

According to the complaint and its amendments, Plaintiff has COPD, emphysema, and black spots on his lungs, which cause him to have trouble breathing.  Plaintiff alleges that Defendants Nurse Kendra and Dr. Davis are denying him adequate medical treatment for those conditions.  Plaintiff also reports that he has acid reflux for which Dr. Davis prescribed Prilosec, which he received for five months until Nurse Kendra discontinued it "stating that it was SHP's policy not to supply acid reflux medicine indefinately."  Plaintiff reports that he has asked if his family could bring Prilosec to the jail for him, "as they have before, But was refused."  He also states that there is nothing in the commissary for him to buy for his acid reflux.  Plaintiff claims that although he is a state inmate at a county jail, he still has the right to medical attention.  He also claims that the county jail "is not worried about my medical issues, they just keeping me here because the state pays them to hold state inmates."

Additionally, Plaintiff states, "After persitantly trying to receive his treatments and Meds plaintiff gave up and asked to Med released by Medical so he could transfer to Community Work program so he could earn gain time and work for time credits amounting to about 150 days a year."  He claims that Nurse Kendra "being upset and annoyed at plaintiffs persistence refused to release plaintiff in even allow him to see Dr. Davis for release."  Plaintiff argues that "By being

deprived of liberty from gain and work credits he is also deprived of Community Custody level one status and remains locked in a Maximum Medical cell but receiving no Medical treatments in Meds."

As to Col. Gibson, Plaintiff states, "I have told Col. Gibson about my problem and ask to talk to her about this – she refuses to call me out to talk to me. They say this is not medical Emergency." He further states that "Col. Gibson, being asked to intervene by plaintiff on several occasions refused by turning a blind eye to the whole issue. Gibson failed to protect plaintiff from wanton infliction of pain and depriving plaintiff of liberty disqualifying him from gain time or work for time credits." He alleges, "I've begged Col. Gibson to transfer me to a medical prison that can supply my medical needs. She refuses to transfer me, she said something about this 1983 form – since then she refuses to even talk to me about my problem." He claims, "The Deputey's here at HCDC tell me I've made the wrong person mad."

Plaintiff claims that Defendants are being sued "for Medical Malpractice, Gross Medical Negligence, Due Process violations of the Fourth Amendment, Cruel and unusual punishment of the Eighth Amendment and Fourteenth Amendment Equal protection under the law violations." Elsewhere, he additionally alleges a "blatant . . . infliction of Emotional and psychological pain."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of receiving breathing treatments, being sent to a pulmonologist, and being transferred to another facility since he is a state inmate.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

3

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Due Process

Plaintiff claims that he is being denied due process by Defendants refusing to release him from his medical cell so that he can transfer to a community work program, where he alleges he can "earn gain time and work for time credits." He also claims that this "deprive[s him] of Community Custody level one status."

4

To state a due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal and external citations omitted).

A prisoner does not have a constitutional right to prison employment. *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Likewise, "[t]he United States Supreme Court has held that inmates have no inherent constitutional right to good time credit." *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Further, prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff, therefore, has not shown a liberty interest arising under the Due Process Clause itself.

However, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in *Sandin v. Conner*, 515 U.S. 472 (1995)." *Wilkinson v. Austin*, 545 U.S. at 222. In *Sandin*,

> [The Court] recognize[d] that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 483-84.

Upon consideration, the Court concludes that Plaintiff's continued placement in a medical cell without transfer into a community work program where he can earn work credits does not impose atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See, e.g.*, *Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) ("The fact that the administrative segregation placement may have a negative implication on Randolph's opportunity to earn sentence reduction credits and meet the parole board is a collateral consequence of Randolph's placement in administrative segregation that is insufficient to create a liberty interest.") (citing *Sandin*, 515 U.S. at 487).

For these reasons, Plaintiff has failed to state a due process claim.

### B. *Equal Protection*

"The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Plaintiff alleges no disparate circumstances. He only broadly alleges an equal protection violation, and for this reason, the claim will be dismissed for failure to state a claim.

### C. *Medical Treatment*

Plaintiff claims that Defendants Dr. Davis and Nurse Kendra have been and are continuing to be deliberately indifferent to his serious medical needs and that Defendant Col. Gibson failed to protect him from this inadequate treatment. The Court will allow these claims to proceed against Defendants Dr. Davis and Nurse Kendra in their individual and official capacities[1] and against Defendant Col. Gibson in her individual capacity.

---

[1] "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New*

As to Defendant "Medical Staff" at HCDC, Plaintiff named it as a Defendant in his original complaint (DN 1). In his second amended complaint, he specially named Dr. Davis and Nurse Kendra as Defendants. As Plaintiff mentions no other "Medical Staff" in his complaint and its amendments, the Court concludes that Plaintiff has failed to state a claim against generic "Medical Staff" and will dismiss that Defendant from this action.

Finally, as to Defendant HCDC, a detention center is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Henderson County is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The official-capacity claims against Defendant Col. Gibson also are construed as brought against Henderson County. *See Kentucky v. Graham*, 473 U.S. at 166.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of

---

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The official-capacity claims against Defendants Dr. Davis and Nurse Kendra, therefore, are actually against SHP. For the purposes of initial review, the Court concludes that Plaintiff has sufficiently alleged a SHP policy "not to supply acid reflux medicine indefinately."

*employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege a Henderson County policy or custom that caused his alleged harm. While he alleges that he is a state inmate in a county jail, he does not allege that he is being denied medical treatment because he is a state inmate. Rather, he alleges that Defendants Dr. Davis, Nurse Kendra, and a policy on the part of SHP are the reasons he is not receiving proper medical treatment. For this reason, the claims against HCDC/Henderson County will be dismissed for failure to state a claim upon which relief may be granted.

### D. State-Law Claims

The Court will allow Plaintiff's state-law claims of medical malpractice and intentional infliction of emotional distress to continue against Defendants Dr. Davis, Nurse Kendra, and Col. Gibson.

### III. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against "Medical Staff" and HCDC; the official-capacity claims against Defendant Col. Gibson; and the due process and equal protection claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief

may be granted. As all claims are dismissed against Defendants "Medical Staff" and the HCDC, **the Clerk of Court is DIRECTED to terminate** those Defendants from this action.

**IT IS FURTHER ORDERED that the following claims shall proceed**: the Eighth Amendment claims against Defendants Dr. Davis and Nurse Kendra in their individual and official capacities and against Defendant Col. Gibson in her individual capacity; and the state-law claims of medical malpractice and intentional infliction of emotional distress against Defendants Dr. Davis, Nurse Kendra, and Col. Gibson. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: February 3, 2017

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
     SHP, c/o its Registered Agent
4414.005